DORIS BERBERIAN *et al. vs.* GERRICHO BROSCO *et ux.*

JULY 22, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This is an action of account for use and occupation of certain realty in which the plaintiffs claim to have been tenants in common with the grantor of the deed conveying said premises to the defendants. It was heard by a justice of the superior court sitting without a jury and a decision was rendered for the defendants. The case is here solely on the plaintiffs' exception to that decision.

It appears from the undisputed facts that originally Hagop Beylikjian or Balikjian was the owner of thirty-three certain lots of land in Norwood in the city of Warwick in this state, eleven of which were located on Elmwood avenue according to a recorded plat entitled "Fairview, Warwick, R. I., owned by Mark C. Meagher, surveyed by Frank E. Waterman, May 1902." In 1930 Hagop died intestate and his only heirs-at-law were Zaruck Berberian and Mabel Johnson. Consequently by operation of law they became tenants in common, each owning an undivided one-half interest in all such realty. No partition was ever made between them.

Subsequently in 1941 Zaruck died testate, leaving a will in which the pertinent paragraphs read as follows:

"Fifth: I leave to my grandson, Aram K. Berberian, two (2) lots and to my granddaughter, Doris Berberian, one (1) lot of those certain parcels of land located on Elmwood Avenue, in Norwood, Rhode Island, which I received through the estate of my brother, Hagop Balikjian. It is my wish and desire that the devisees named in this the fifth clause of my will may choose any particular lots that they desire from said parcel."

"Seventh: All the rest, residue and remainder of my estate, real and personal, wherever situated, of which I shall die seized or possessed, whether in possession, reversion, remainder, expectancy or otherwise, or over which I may have any power of appointment or control, which power I hereby exercise, and including all real estate hereafter acquired by me, I leave to my daughter, Zabelle Berberian."

That will was admitted to probate September 9, 1941. Thereafter Zabelle Berberian, the residuary devisee thereunder, and Mabel Johnson, who was the testatrix' cotenant, so far as possible partitioned among themselves by cross deeds, dated February 10 and recorded February 16, 1949, the thirty-three lots originally owned by Hagop. By such division Zabelle Berberian quitclaimed to Mabel Johnson her interest in seventeen lots and Mabel Johnson accordingly quitclaimed to Zabelle Berberian her interest in the remaining sixteen lots. Included among the lots to which title was thus acquired by Zabelle were at least three lots located on Elmwood avenue, apparently being numbered 154, 155 and 164 on the above-described plat.

. Thereafter by deeds signed and acknowledged May 9 and recorded May 10, 1950, said Zabelle then conveyed lots 154 and 155 to Aram Berberian, one of the plaintiffs, and the third lot to the other plaintiff Doris Berberian, all of such lots being situated on Elmwood avenue and on said plat in the city of Warwick. Each of these deeds to plaintiffs from Zabelle contained the following significant language:

"The grantee herein named has this day chosen said lots as provided u/w of Zaruck Berberian, late of the City of Providence in said County and State." Subsequently Mabel Johnson conveyed to the defendants here four different lots, the title to which came to her as original cotenant with Zaruck and as grantee in the quitclaim deed from Zabelle.

The plaintiffs claim that, since the will of Zaruck failed to definitely describe the three lots devised to them, they became by operation of law tenants in common in *all* thirty-three lots in which Zaruck was a cotenant; that the attempted actual division between Mabel and Zabelle therefore was not a true partition and was ineffective because plaintiffs as tenants in common were not parties thereto; that in the circumstances plaintiffs were like the grantees in a deed conveying to them a part of an unplatted parcel of land; and that their interests as tenants in common in all the lots justified the present action against defendants who have been using and occupying four of the original lots under color of title from the deed of Mabel Johnson.

In our opinion the cases from other jurisdictions, including those involving deeds to a part of unplatted tracts of land, as relied on by plaintiffs, are not analogous to this case where the land is platted and the determination depends upon the intent of the testatrix as expressed in her will. On that account they are not in point and we need not discuss them.

In any event the instant case depends upon the intent of Zaruck as expressed in her will. Under the language therein as heretofore quoted, the plaintiffs could take neither an undivided part interest nor a full interest in *all* the lots therein devised without doing violence to its plain and expressed intent. Obviously the testatrix did not intend to give a *full* interest in all the lots because she owned only an undivided half interest as a tenant in common with Mabel Johnson. Nor did she intend to give an undivided interest in *all* the lots because she specifically mentioned

that plaintiffs were to receive an interest in only three of them, which they were permitted to choose. The only remaining construction is that she intended to give either her own undivided interest in three of the lots on Elmwood avenue to be chosen by plaintiffs or a full interest in such three lots, because she had in mind that a partition could and probably would be effectuated agreeably by and between the interested parties so as to make plaintiffs' choice effective.

In our opinion plaintiffs were intended to be entitled at best to only a full legal interest in *three* of such lots as chosen by them, and they have no legal or equitable estate in any of the others. As a matter of fact the partition transaction between Mabel Johnson and Zabelle Berberian and the deed of Zabelle to these plaintiffs actually accomplished the maximum which plaintiffs could claim under any reasonable interpretation of Zaruck's will. To assert that plaintiffs could accept such title by deeds which expressly stipulate that they represent respectively their admitted choices of lots as provided under the will of Zaruck, and yet could later claim in addition an interest in many different lots to which they were not given a choice under said will, would be in plain violation of the intent of the testatrix whose will restricted their choice to three lots.

In view of our interpretation of the will, which is admittedly controlling, and the plaintiffs' exercise of their right of choice in the maximum number of lots to which they could be thus entitled, we need not consider questions of estoppel *in pais* which otherwise might well be in issue.

All of the plaintiffs' exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Aram K. Berberian,* for plaintiffs.

*Voigt, Wright & Slade, Ernst T. Voigt, Edward J. Plunkett,* for defendants.